IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01121-BNB

RICKY E. CHAVEZ,

      Applicant,

v.

RICK RAEMISCH, Director of CDOC,
JOE THISTLEWOOD, Parole Officer (Supervisor) CDOC, and
AMY HEBRARD,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Ricky E. Chavez, currently is detained at the Denver County Jail in Denver, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Applicant is proceeding *pro se* and has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On May 30, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Preliminary Response to the Application and address the affirmative defenses of timeliness and exhaustion of state court remedies. On June 27, 2014, pursuant to the Court's directive, Respondents filed a Preliminary Response. Applicant did reply to the Response. It appears that since mail sent to Applicant by the Court has been returned to the Court and marked, "Release," he has been released from the Denver County Jail. *See* ECF No. 18.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  The action will be dismissed for the reasons stated below.

Applicant asserts that he was arrested on November 4, 2013, while on parole, and charged with robbery in a new criminal case.  He further asserts that a parole complaint was filed against him, he was denied bail, and now is being held in violation of his due process rights.  Application, ECF No. 1, at 2-3.  Applicant contends that his current detention violates his rights because he is innocent until proven guilty, his bond is excessive, and the statutory discharge date for parole in his prior criminal case has now expired.  Applicant further contends that he has exhausted his state court remedies by formally and informally requesting his parole hold be withdrawn.

Applicant also attaches to the Application three state court orders and a complaint he filed in the Denver County District Court pursuant to Colo. R. Civ. P. 106(a)(2) & (a)(4) dated March 17, 2014, regarding his parole hold.  Application, ECF No. 1, at 19-26.  Two of the orders are entered by the Denver County District Court; one order is entered on March 27, 2014, and the other is entered on February 20, 2014.  *Id.* Applicant did not attach the first Rule 106 petition that he filed, which the Denver County District Court construed as a petition for writ of habeas corpus filed pursuant to Colo. Rev. Stat. § 13-45-101 and denied on February 20, 2014, for failure to establish *prima facie* that he is not validly confined and entitled to immediate release.  *See id.* at 19-21. The second Rule 106 petition, signed on March 17, 2014, *id.* at 22-23, was construed as filed pursuant to Colo. Rev. Stat. § 13-45-101 and was denied for the same reasons as the first petition filed by Applicant, *id.* at 24-25.

The third order was entered by the Colorado Supreme Court (CSC), on April 2, 2014, and denies Applicant's petition for writ of habeas corpus.  *Id.* at 26.

Respondents argue that the Application should be denied because Applicant did not exhaust his state court remedies by filing an original proceeding in the CSC.  Prelim. Resp., ECF No. 19, at 6.  The petition for writ of habeas corpus was filed in the CSC on January 27, 2014, which was prior to when Applicant filed the two habeas petitions in the Denver County District Court.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  This requirement "is satisfied if the federal issue has been properly presented to the highest state court."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus applicant to cite

"book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his . . . claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). The original proceeding Applicant filed in the CSC does not satisfy the fair presentation requirement because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 285, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The CSC, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* Colo App. R. 21; *see also Rogers v. Best* , 171 P.2d 769, 770 (Colo. 1946). As a result, the denial of an original petition for an extraordinary writ by the CSC does not indicate that the court has considered the merits of the argument. *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3

(Colo. 1996).  The CSC's denial of Applicant's habeas corpus petition, therefore, did not exhaust his state court remedies.

Applicant has failed to respond to the affirmative defense raised in this action, and he fails to demonstrate in the Application that he has fairly presented his claims to any state court.  Therefore, the action will be dismissed for failure to exhaust state remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before seeking federal court intervention.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED July 22, 2014, at Denver, Colorado.

BY THE COURT:

　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court